In the matter of the application for writ of *habeas corpus* for JAMES B. EWAN.

[Decided October 8th, 1929.]

*Mr.* *Elwood* *Weeks,* for the petitioner.

*Messrs.* *Higbee* *&* *Higbee,* for the complainants.

INGERSOLL, V. C.

The petitioner is in the custody of the sheriff of the county of Atlantic by virtue of a writ of *capias ad satis-faciendum* issued out of this court by virtue of an order in a suit wherein he is defendant and Margaret S. Middleton, executrix, &c., is complainant, docket 57, page 651.

He alleges "that said writ is illegal because there is no fraud perpetrated by the said James B. Ewan and no other ground upon which such writ could justly issue."

No determination is now made whether an application should have been made in the original cause to have the writ set aside, as the solicitor of the complainant was notified and was present at the hearing upon the return of the writ of *habeas corpus.*

The allegations of the bill are, that at one time Ewan and one Steelman were partners in a business conducted by them; that in 1920 the business was discontinued and they agreed that all partnership transactions of the firm be closed and considered as nothing owing from one to the other. No debts were outstanding, and the only asset remaining was a tract of land described in the bill, which had been conveyed to them as co-partners, and in which they each retained a one-half interest; that thereafter Steelman died testate, having devised and bequeathed all the remainder of his estate (after the payment of his just debts) to his daughter, the complainant, and naming her and another executors.

That on April 1st, 1926, Ewan, as sole surviving partner, conveyed the premises for the sum of $5,300, and received in payment therefor a certain sum in cash and a mortgage upon this and other land as part consideration of the purchase price of this and the other land. That Ewan failed

to account, and has repeatedly refused to account or pay over the amount due, although often requested so to do.

The answer was a denial of the allegation that said land was a partnership asset, but that Steelman had sold his interest to Ewan, and received a vaulable consideration therefor, but that no deed was made by Steelman to Ewan for said interest and that the complainant was estopped from claiming any right, title or interest in the premises, and prayed to be dismissed.

It was stipulated that if it was determined at the hearing that the defendant should be obliged to account, the amount due on October 19th, 1928, would be $2,682.86.

The cause proceeded to a hearing with the result that on October 30th, 1928, a final decree was advised that the said James B. Ewan should pay the complainant the sum of $2,682.86, with interest from October 19th, 1928, together with costs to be taxed. That payment should be made within ten days from service upon him of a copy of said decree and a writ of *fieri facias* should issue, and that complainant have such other remedies or proceedings as may be just.

On September 21st, 1929, the complainant filed a petition alleging such final decree, the personal service thereof, the failure of the defendant to pay, and "that there was fraud committed by the defendant upon the plaintiff as will be shown by the bill in the above-entitled cause, and was duly proven at the hearing of the cause at the time of trial, as will appear by the evidence submitted and the finding of the vice-chancellor who heard the cause," and praying that a *capias ad satisfaciendum* be issued.

Such order was advised and the writ issued, and the defendant taken into custody by the sheriff.

The facts in this case are strikingly similar to those in *Haggerty* v. *Badkin, 72 N. J. Eq. 473.* The second headnote reads: "Where a surviving partner wrongfully misappropriated funds which he held in trust for the estate of his deceased partner, the latter's administrator, in a proceeding in equity to compel the enforcement of a decree for the pay

ment of the money, was entitled to process against defendant's body, which would be executed in the absence of proof that defendant was unable to obey the order," and the learned and quite lengthy opinion of the learned Vice-Chancellor Pitney fully sustains this finding.

It would be useless to quote excerpts from this opinion, and I apply that case to the case at bar.

No attempt has been made to question the defendant's ability to pay, and the writ will be now dismissed and the defendant remanded to the custody of said sheriff.